UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

TRUSTEES OF THE DISTRICT COUNCIL
NO. 9 PAINTING INDUSTRY INSURANCE
FUND, et al.,

                        Petitioners,

               -against-

MADISON PAINTING & DECORATING
GROUP,

                        Respondent.

------------------------------------------------------------ X

        **22-CV-7688 (ALC)**

        <u>**OPINION AND ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

On September 9, 2022, Petitioners Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (collectively, the "Trustees") and District Council No. 9 International Union of Painters and Allied Trades, A.F.L.- C.I.O. (the "Union" or "DC 9") commenced this action to confirm and enforce an arbitration award against Respondent Madison Painting & Decorating Group ("Madison") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). (Pet., ECF No. 1.) Respondent has neither responded to the petition nor otherwise appeared in this action. Currently pending before the Court is Petitioners' unopposed Motion for Summary Judgment. (ECF No. 8.) For the reasons that follow, Petitioners' motion is **GRANTED**.

## BACKGROUND

A. <u>Factual Background</u>

DC 9 is a labor organization within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. (Pet., ECF No. 1 ¶ 2.) The Trustees are fiduciaries of jointly administered multi-employer, labor management trust funds as defined by § 3(21)(A) and § 502(a)(3) of the

Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1002(21)(A) and 1132(a)(3).  (56.1 Stmt., ECF No. 12 ¶ 2.)  These funds are employee benefit plans within the meaning of §§ 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1)), and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145).  (*Id.*)  The Trustees are the "plan sponsor" within the meaning ERISA 29 U.S.C. §§ 1002(16)(B)(iii)).  Respondent Madison is a party to a collective bargaining agreement ("CBA") with DC 9.  (Drew Decl., ECF No. 10 ¶ 6.)  The CBA provides that disputes shall be decided by arbitration.  (Kugielska Decl., Ex. B, ECF No. 3-2, Art. XIII.)

The instant dispute began after Madison failed to submit wages and benefits on behalf of DC 9 members Victor Manuel Garcia, Daniel Rojas, George Constance, Yvette Franquiz, Damian Gonzalez, Carlos Lopez, Anthony Cugiliani, Anton Livev and Manuel Hernandez in violation of the CBA.  (56.1 Stmt., ECF No. 12 ¶ 5.)  The dispute was submitted to the Joint Trade Board ("JTB") for binding arbitration pursuant to the CBA.  (*Id.* ¶ 6.)  The JTB held a hearing on May 23, 2022 and rendered an award in favor of Petitioners.  (*Id.* ¶¶ 6–7.)

The award directs Madison to pay $4,000.000 in liquidated damages, $19,286.03 in benefit contributions on behalf of Victor Manuel Garcia, Edgar Villela, Victor Muy, Emiliano Diaz, Daniel George, Italo Sacco, Daniel Rojas, George Constance, Yvette Franquiz, Damian Gonzalez, Carlos Lopez, Anthony Cugiliani, Anton Livev and Manuel Hernandez, $ 19,913.50 in wages on behalf of Victor Manuel Garcia; $451.50 in wages on behalf of Edgar Villela; $1,978.00 in wages on behalf of Victor Muy; $1,333.00 in wages on behalf of Emiliano Diaz; $1,333.00 in wages on behalf of Daniel George; $752.50 in wages on behalf of Italo Sacco; $752.50 in wages on behalf of Daniel Rojas; $1,161.00 in wages on behalf of George Constance; $3,139.00 in wages on behalf of Yvette Franquiz; $3,074.50 in wages on behalf of Damian Gonzalez; $3,010.00 in wages on behalf of Carlos Lopez; $1,397.50 in wages on behalf of

2

Anthony Cugiliani; $1,956.50 in wages on behalf of Anton Livev; and $967.50 in wages on behalf of Manuel Hernandez for work performed on Madison's behalf.  (*Id.* ¶ 8.)

A copy of the award was delivered to Madison, which had ten days to comply with the terms of the award.  (56.1 Stmt., ECF No. 12 ¶ 9, Kugielska Decl., Ex. A, ECF No. 3-1 at 4.)  A demand letter was subsequently served on Madison after it failed to comply with the terms of the award.  (*Id.* ¶ 11.)  To date, Madison has not complied with the award and has not commenced an action seeking to modify or vacate the award.  (*Id.* ¶ 13.)

B. Procedural History

Petitioners commenced this action to confirm their arbitration award on September 9, 2022.  (Pet., ECF No. 1.)  The Petition was served on Respondent Madison on September 13, 2022.)  (Aff. of Service, ECF No. 7.)  Thereafter, on October 19, 2022, Petitioners filed the instant Motion for Summary Judgment.  (Mot., ECF No. 8.)  Respondent did not respond to the Petition or the Motion for Summary Judgment, prompting the Court to issue an Order to Show Cause directing Respondent to show cause why the Court should not consider Petitioners' motion unopposed.  (ECF No. 14.)  This Order was served on Respondent on April 21, 2023. (ECF No. 15.)  To date, Respondent has neither responded to the Motion for Summary Judgment nor otherwise appeared in this action.

**STANDARD OF REVIEW**

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  "The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016)

(quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). Judicial review of arbitration awards under the LMRA is "very limited." *Id.* (citation and internal quotation marks omitted).

Accordingly, "unless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Trustees of the N. Y. City Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-cv-781, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)). The District Court is "not authorized to review the arbitrator's decision on the merits," but instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. The Court's task is to "simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

Confirmation of an arbitration award under Section 301 of the LMRA is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund Training Program Fund v. Briscoe Sunrise Corp.*, No. 16-cv-7680, 2017 WL 1655240, at *4 (S.D.N.Y. May 2, 2017) (citation and internal quotation marks omitted). An arbitral award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (internal quotation marks omitted).

When such a petition is unopposed, a district court should treat the petition to confirm "as

4

an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund Training Program Fund*, 2017 WL 1655240, at *4 (quoting *D.H. Blair*, 462 F.3d at 110).

## DISCUSSION

The Court finds that Petitioners have provided uncontroverted evidence that demonstrates an absence of a material issue of fact for trial. *See Finkel v. JCF Electric, Inc.,* 2022 WL 3682835 at *3 (E.D.N.Y. Aug. 25, 2022.) First, the arbitrator acted within the scope of its authority in issuing the award. Article VIII, Section 3 of the CBA provides that the "Joint Trade Committee and Joint Trade Board are empowered to hear and decide in arbitration as hereinafter provided, all grievances and disputes which arise between the Parties as to the interpretation or application of the [CBA] and to make such awards or assess remedies, damages and penalties for violations of [the CBA]." (Kugielska Decl., Ex. B, ECF No. 3-2 at 23.) Here, a dispute arose between the parties as to Respondent's failure to submit wage and benefits on behalf of certain Union members in accordance with Article VII, Article XX and Article XIII Section 11 Violation 9 of the CBA. (*Id.* at 14–18, 35–46.) The JTB found that Madison had failed to submit wages and benefits due under the CBA and directed Madison to submit a total of $23,220.00 in wages and $19,286.03 in benefits on behalf of members Victor Manuel Garcia, Edgar Villella, Victor Muy, Emiliano Diaz, Daniel George, Italo Sacco, Daniel Rojas, George Constance, Yvette Franquiz, Damian Gonzalez, Carlos, Anthony Cugiliani, Anton Livev, and Manuel Hernandez; and $4,000.00 in liquidated damages. (*Id.*, Ex. A at 4.) Payments were due within ten days of receipt of the award (*id.*), but Madison has not complied with the terms of the

award.  (56.1 Stmt., ECF No. 12 ¶ 13.)  Moreover, Respondent has not contested the amount of damages in the award and nothing in the record suggests that this amount is incorrect or that the award was procured through fraud or dishonesty.  Accordingly, the Court grants summary judgment in favor of Petitioners and confirms the arbitration award.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Petitioner's Motion for Summary Judgment, the award is confirmed, and judgment is entered in Petitioners' favor.

The Clerk of Court is respectfully directed to enter judgment, terminate all pending motions, and close this case.

**SO ORDERED.**

**Dated**:   **May 26, 2023**
        New York, New York

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**

6